# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## AT JACKSONVILLE

| | |
|---|---|
| In re:<br><br>Carolyn Marie Loven, | Bankruptcy No. 10-04340-PMG<br>Chapter 7<br>Judge Paul M. Glenn |
| Chase Bank USA, N.A.,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn Marie Loven,<br><br>    Defendant. | ADV. NO. |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS
### (11 U.S.C. §523)

NOW COMES Plaintiff, by and through its attorney of record, Kenneth S. Jannette, to allege and complain as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff is a foreign corporation licensed to do business in the State of Florida with all fees and licenses paid, and otherwise is entitled to bring this action.

2. Defendant filed a Chapter 7 bankruptcy petition on 05/20/2010.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523;(a)(14) this proceeding is a core matter.

Page 1 – COMPLAINT
XXXXXXXXXXXX2623

4. Plaintiff is a creditor in this bankruptcy proceeding and is the original party in interest having extended a line of credit, which is the subject matter of this proceeding.

## II. CAUSE OF ACTION

5. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6. Defendant had a revolving credit account with Chase Bank USA, N.A., Account No. XXXXXXXXXXXX2623.

7. Defendant incurred charges and cash advances on this account totaling $4,041.84, including interest, as of 05/20/2010, the date the bankruptcy petition was filed.

8. As a result of the above activity, the account credit limit was nearly exhausted.

9. It appears that on 4/01/2010 within the presumption period, defendant incurred charges totaling $3,655.00 in the form of payments to the U.S Treasury which are nondischargeable pursuant to section 523 (a)(14) of the Bankruptcy Code.

10. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

11. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on their account, Defendant represented an intention to repay the amounts charged.

12. Plaintiff reasonably relied on the representations made by Defendant.

13. Defendant incurred the debts when they had no ability or objective intent to repay them.

14. Defendant obtained credit extended from the Plaintiff by false pretenses, false representations and/or actual fraud.

15. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $3,655.00.

16. Pursuant to 11 USC § 523(a)(14), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $3,655.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $3,655.00, plus accrued interest at the contractual rate from and after 05/20/2010, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(14);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED: June 11, 2010

WEINSTEIN & RILEY, P.S.

/s/ Kenneth S Jannette
Kenneth S Jannette
Florida Bar # 062211
14 Penn Plaza, Suite 1300
New York, NY 10122
(212) 268-5540 telephone
(212) 268-9562 facsimile
kenj@w-legal.com